SIDNEY P. MACKEY, as Trustee in Liquidation of ALEXANDER HUTCHINSON and Another, Appellant, *v.* HAROLD C. ROTH, Respondent.

First Department, November 2, 1923.

Accord and satisfaction — action on accord to recover balance due thereunder — provision that in case plaintiff should proceed under original claim accord would not be evidence or constitute admission does not prevent action on accord.

A provision in an accord to the effect that, if on the failure of the debtor to pay the installments provided for therein, the creditor should proceed under the original claim, then the accord should not be evidence nor be considered as an admission of liability, is applicable only where the creditor elects to proceed on the original claim and does not operate as a bar against an action brought under the accord.

APPEAL by the plaintiff, Sidney P. Mackey, as trustee, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of February, 1923, granting the defendant's motion for judgment on the pleadings.

*Mayer, Ehrich & Block* [*Goodman Block* of counsel; *Louis S. Ehrich* with him on the brief], for the appellant.

*Edward E. Hoenig*, for the respondent.

McAvoy, J.:

The agreement here contains the recitals that the plaintiff has valid outstanding claims against the defendant; further that the plaintiff agrees to accept in full settlement of said claims the sum of $4,000, and the defendant agrees to pay in full settlement and discharge of said claims of the plaintiff such sum of $4,000 in installments.

It is agreed, too, in the same instrument that upon making the payments provided for therein, the defendant shall be fully released and discharged from any and all claims and demands. The use of the compact as evidence or even as a pleading's exhibit is claimed to be inhibited by certain provisions of the agreement. These provisions are:

" 3. It is further agreed that in the event that the failure of the party of the first part to pay any of the installments above mentioned, the balance shall at the option of the party of the second part become due and payable, or the party of the second part may resort to the original claim as appearing on the books of 'Alexander Hutchinson' and apply any amounts received in the reduction of said claim.

" 4. Should, however, the party of the second part, in the event of the failure of the party of the first part to pay said installments, proceed under the original claim and not under this agreement, it is expressly understood and agreed that this agreement shall not be evidence, and shall not be offered in evidence, nor shall this adjustment be deemed to be evidence or an admission by the party of the first part of any liability, it being the intention of the parties that in the event of litigation that the party of the first part shall not in any way be prejudiced by reason of his attempt to amicably adjust in settlement the above referred to claim."

The plaintiff thus has the option in the event of a failure of defendant to pay the installments agreed upon, to sue under the agreement, or sue for the amount appearing on the books of the plaintiff's liquidating firm as due from the defendant, irrespective of the agreement, after applying on account any amounts received under the agreement.

The fourth provision is applicable and becomes operative only in case of the election by the plaintiff to sue on the original claim, and not under the agreement. The language of this paragraph is clear and unambiguous. The argument of defendant at Special Term, that because of this paragraph, the plaintiff has no right to sue under the agreement, must be rejected as wholly untenable. This paragraph " 4 " of the agreement contains the clear statement, and limitation that it shall be applicable only when suit is brought on the original claim and has no reference to a suit under the agreement. This action was brought not on 'the original claim but for the amount provided for in the agreement. The paragraph, therefore, has no application to this suit whatsoever.

The court, therefore, should have denied defendant's motion and granted judgment for plaintiff.

The order should be reversed, with ten dollars costs and disbursements, and the defendant's motion denied, with ten dollars costs, and judgment granted for plaintiff, with leave to defendant to answer within twenty days upon payment of said costs.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and judgment granted for plaintiff, with leave to defendant to answer within twenty days from service of order upon payment of said costs.